*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 25-BG-0262

IN RE LEROY M. FYKES, JR., RESPONDENT.

A Member of the Bar of the
District of Columbia Court of Appeals
(Bar Registration No. 363819)

On Report and Recommendation of the Board on Professional
Responsibility Ad Hoc Hearing Committee Approving
Third Amended Petition for Negotiated Discipline
(BDN: 22-ND-006; DDN: 2017-D315)

(Decided July 31, 2025)

Before EASTERLY and MCLEESE, *Associate Judges*, and GLICKMAN, *Senior Judge*.

PER CURIAM: This decision is nonprecedential. Please refer to D.C. Bar R. XI, § 12.1(d), governing the appropriate citation of this opinion.

In this disciplinary matter, the Hearing Committee recommends approval of the parties' third amended petition for negotiated attorney discipline. Respondent Leroy M. Fykes, Jr., voluntarily acknowledged that, in connection with a conservatorship case, he (1) failed to provide competent representation to the client; (2) failed to represent the client with zeal and diligence and promptness within the

bounds of the law; (3) failed to protect client interests in terminating representation; and (4) engaged in conduct that seriously interfered with the administration of justice. As a result, respondent admits that he violated D.C. R. Pro. Conduct 1.1(a)-(b), 1.3(a), (c), 1.16(d), and 8.4(d). The proposed discipline consists of a 60-day suspension, stayed in favor of one year of probation with conditions, and a fitness requirement if his probation is revoked.

This court rejected the parties' first amended petition because the stipulated facts raised concerns as to whether respondent also committed other serious violations, which, at a minimum, required the Hearing Committee to explain why it believed Disciplinary Counsel was not offering an unduly lenient sanction. *See In re Fykes*, No. 23-BG-0626, Order (D.C. Sept. 18, 2023). Disciplinary Counsel subsequently filed second and third amended petitions that included additional stipulated facts addressing the court's concerns, and the Hearing Committee in turn requested additional explanation from Disciplinary Counsel before again recommending that this court impose the same negotiated discipline.

Having reviewed the Committee's recommendation in accordance with our procedures in these cases, *see* D.C. Bar R. XI, § 12.1(d), we agree that this case is appropriate for negotiated discipline and "the agreed-upon sanction is justified," *In re Mensah*, 262 A.3d 1100, 1104 (D.C. 2021) (per curiam) (internal quotation marks omitted). *See In re Teitelbaum*, 303 A.3d 52, 57-58 (D.C. 2023) (providing that a

negotiated discipline petition "may generally omit to charge a violation if, after reasonable factual investigation, there is a substantial risk that [the Office of Disciplinary Counsel] would not be able to establish the violation by clear and convincing evidence"). Accordingly, it is

ORDERED that respondent Leroy M. Fykes, Jr., is hereby suspended from the practice of law in the District of Columbia for 60 days, stayed in favor of one year of probation with the following conditions:

(a)    Within the first 30 days of the probation period, respondent must consult with the D.C. Practice Management Advisory Service (PMAS) about his case management system and provide Disciplinary Counsel with written confirmation of such consultation with PMAS. The consultation shall include a discussion of how to ensure all filing deadlines and other obligations are timely met and the appropriate workload respondent should maintain in the event health issues resurface;

(b)    Within the first 90 days of the probation period, respondent shall provide written confirmation that he has complied with the recommendations made by PMAS;

(c)     Within the first six months of the probation period, respondent shall attend six hours of CLE courses in ethics, approved by Disciplinary Counsel, and provide written confirmation of his attendance;

(d)     During the entire one-year probation period, respondent shall not be found to have engaged in any misconduct in this or any jurisdiction; and

(e)     If Disciplinary Counsel has probable cause to believe that respondent has violated any of the terms of his probation, it may seek to revoke his probation pursuant to D.C. Bar R. XI, § 3 and Bd. Pro. Resp. R. 18.3, and request that he be required to serve the suspension previously stayed herein, consecutively to any other discipline or suspension that may be imposed, and that his reinstatement to the practice of law will be conditioned upon a showing of fitness in accordance with D.C. Bar R. XI, § 16 and Bd. Pro. Resp. R. 9.

Additionally, if respondent's probation is revoked, and he is required to serve the stayed suspension, respondent is reminded that he must file with the Court an affidavit pursuant to D.C. Bar R. XI, § 14(g), for, inter alia, purposes of reinstatement in accordance with D.C. Bar R. XI, § 16, and Bd. Pro. Resp. R. 9.

*So ordered.*